IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Buckeye Cablevision, Incorporated, | : | Case No. 3:04 CV 7085 |
| Plaintiff, | : | |
| vs. | : | |
| Gary Augustniak, | : | MAGISTRATE'S REPORT AND RECOMMENDATION |
| Defendant. | : | |

This unauthorized interception of cable system case, filed pursuant to 47 U. S. C. §§ 553(a)(1)[1], 605(a)[2] and OHIO REV. CODE § 2307.62[3], was referred to the undersigned Magistrate for report and recommendation.

Pending is Plaintiff's Motion for Summary Judgment (Docket No. 19), Defendant's Response (Docket No. 27)

---

[1] No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] No person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception.

[3] The owner and operator of cable television or communication systems may commence a civil action against persons who deprive the owner or operator of gross profits.

and Plaintiff's Reply (Docket No. 28). For the reasons that follow, the Magistrate recommends that Defendant's request to withdraw admissions be granted and Plaintiff's Motion for Summary Judgment be denied.

## FACTUAL BACKGROUND

Plaintiff is a satellite franchisee with its principal place of business in Lucas County, Ohio (Docket No. 1, ¶s 1 & 7). Defendant, a Lucas County, Ohio, resident, is a cable programing subscriber (Docket No. 1, ¶s 4 & 5).

As a franchisee, Plaintiff is authorized to use a signal from orbiting satellites and over-the-air radio communication to transmit cable television programming to Lucas County, Ohio residents (Docket No. 1, ¶s 7 & 11). Plaintiff contends that Defendant purchased one or more cable television descrambling and decoding devices that enabled him to circumvent the security functions of Plaintiff's private telecommunications signals and then view Plaintiff's programming without payment (Docket No. 1, ¶s 6, 20, 22, 25). Plaintiff further contends that Defendant's unauthorized interception and reception of such signals resulted in significant losses of Plaintiff's revenue and violated 47 U. S. C. § 605(a) and Section 553(a) (1) and OHIO REV. CODE § 2307.62 (Docket No. 1, ¶s 5, 25 & 33).

Plaintiff filed this case in federal court seeking a finding that Defendant intercepted and received Plaintiff's programming without payment; consequently, he is liable to Plaintiff for statutory, compensatory and exemplary damages, litigation costs and attorney fees. Pending is Plaintiff's Motion for Summary Judgment to which Defendant filed an Opposition and Plaintiff filed an Attorney Affirmation in further support of its Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)). The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986). In the face of the movant's properly supported motion for summary judgment, the opponent cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Company*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support a plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Company v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S. Ct. at 2513 (*citing Addickes v. S.H. Kress & Company*, 90 S. Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id.* If, after deciding, the dispute about a material fact is genuine, summary judgment should be denied.

**DISCUSSION**

Plaintiff alleges that on July 6, 2004, requests for admissions pursuant to FED. R. CIV. P. 36(a) were served upon Defendant. Plaintiff contends that summary judgment should be granted since Defendant's failure to respond to the requests for admissions deems the matters in the request conclusively established. Defendant claims that he was unrepresented at the time the requests were served; consequently, he seeks leave to withdraw any admissions inadvertently entered by default. A "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel v. Paragon Industries,* 106 F. 3d 147, 154 (6th Cir. 1997) (*citing American Auto Association v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1119 (5th Cir. 1991)). The court's discretion must be exercised in light of FED. R. CIV. P. 36(b), which permits withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id*. The prejudice contemplated by Rule 36 relates to specific difficulties that a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission. *Id.* (*citing American Auto,* 930 F.2d at 1120).

The Magistrate finds that the presentation of evidence in this action will be useful in determining the disposition of this case. Defendant contends that any encoding apparatus installed on his cable system to scramble the satellite signal was installed by Plaintiff's personnel. Defendant also alleges that he did not receive any premium or pay-per-view programming. Plaintiff has failed to provide any probative evidence that Defendant obtained the scrambling instrumentality or stole cable services. Moreover, Plaintiff has failed to provide a reasonable explanation of the prejudice experienced as a result of Defendant's failure to respond to

4

the request for admissions. Such responses do not address the specific difficulties that Plaintiff faces in maintaining this action on the merits if the answers to the request for admissions are withdrawn. Thus, Plaintiff's request does not comply with the requirements of Rule 36.

For these reasons, the Magistrate recommends that the Defendant's request to withdraw the admissions be granted.

In the alternative, Plaintiff failed to present probative evidence exclusive of the requests for admissions that shows no genuine issue of material fact exists or that Plaintiff is entitled to judgment as a matter of law. Specifically, there is insufficient evidence from which a jury could reasonably conclude that Defendant is liable for the interception and receipt of Plaintiff's programming without payment. Accordingly, the Magistrate recommends that Plaintiff's Motion for Summary Judgment be denied.

In light of the foregoing ruling, the Court establishes a discovery cut-off of **June 30, 2005,** and a motion filing deadline of **July 29, 2005,** with opposition due on **August 19, 2005,** and any reply due on **September 2, 2005.** A further telephone status conference is scheduled for **Tuesday, July 5, 2005, at 2:15 p.m.** To participate in the conference, counsel are asked to call 1-800-516-9896 and when prompted to dial 483-783#.

                                                /s/Vernelis K. Armstrong
                                                Vernelis K. Armstrong
                                                United States Magistrate Judge

                                          Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten

5

(10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.